IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| VR PHASE III HOMEOWNERS ASSOCIATION, INC., | § § | Case No. 23-40838 (Chapter 11) |
| | § | |
| Debtor. | § | |
| | § | |
| SIVA AKKINENI, | § § | |
| Plaintiff, | § § | |
| v. | § § | Adv. Proc. No. 23-4086 |
| FIRST SERVICE RESIDENTIAL TEXAS, INC.; VALLEY RANCH MASTER ASSOCIATION, INC.; VR PHASE III HOMEOWNERS ASSOCIATION, INC., | § § § § § § | |
| Defendants. | § | |

**<u>MEMORANDUM OPINION AND ORDER DENYING RECONSIDERATION</u>**

On September 11, 2024, the pro se Plaintiff, Siva Akkineni, filed a motion seeking reconsideration of an order dismissing this adversary proceeding with prejudice. The Court entered the dismissal order on August 28, 2024, and the Plaintiff filed his motion seeking reconsideration within 14 days. The Court, therefore, construes the Plaintiff's motion as seeking relief from the dismissal order pursuant to Federal Rule of Bankruptcy Procedure 9023, which adopts and applies Federal Rule of Civil Procedure 59 to this adversary proceeding.

1

## RELEVANT BACKGROUND

A retaining wall that runs through the Plaintiff's neighborhood and behind the Plaintiff's home began showing signs of damage prior to March 2019. The Plaintiff initiated this matter in state court by filing a letter, which he subsequently amended, that contained a narrative "statement of claim" regarding the damaged retaining wall against the master homeowners' association (Valley Ranch Master Association, Inc.), his homeowners' association (VR Phase III Homeowners Association, Inc.), and the property manager (First Service Residential Texas, Inc.). His complaint, as amended, failed to detail any specific cause of action or any damages he was seeking to recover from the Defendants. The Plaintiff also failed to disclose the amount and any method of calculating economic damages in response to discovery. The Plaintiff's complaint was removed to this Court after Defendant VR Phase III Homeowner's Association, Inc. ("**VR Phase III**"), filed for bankruptcy due to the cost of the litigation.[1]

Prior to trial, Defendant Valley Ranch Master Association, Inc. ("**VRMA**") filed a motion to exclude undisclosed evidence of damages. Defendant VRMA and Defendant FirstService Residential Texas, Inc., also filed a motion to dismiss the entire adversary case on the basis that the Plaintiff had no recoverable damages from any of the Defendants. The Court entered an order granting the motion to exclude undisclosed evidence of damages on August 27, 2027. In addition, at a hearing on August 27, 2024, the Court orally granted the

---

[1] In the underlying bankruptcy case, VR Phase III listed the Plaintiff as an unsecured creditor with a disputed claim in its bankruptcy schedules. The Plaintiff did not seek to establish an allowable claim by filing a proof of claim. *See* 11 U.S.C. §§ 501(a), 502(a) and 1111(a). Accordingly, the Plaintiff does not have an "allowed claim" and will not be paid under the terms of VR PHASE III's confirmed plan of reorganization.

Defendants' motions to dismiss for the reasons stated on the record. The Court entered the dismissal order the next day.

## DISCUSSION

Motions to alter or amend a judgment under Federal Rule 59(e) "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.,* 875 F.2d 468, 473 (5th Cir. 1989) (citations omitted). A Federal Rule 59(e) motion should not be granted unless there is: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *See, e.g., Schiller v. Physicians Resource Group, Inc.,* 342 F.3d 563, 567 (5th Cir. 2003); *Russ v. Int'l Paper Co.,* 943 F.2d 589, 593 (5th Cir. 1991). Altering, amending, or reconsidering a judgment is an extraordinary measure, which courts use sparingly. *See Southern Constructors Group, Inc. v. Dynalectric Co.,* 2 F.3d 606, 611 (5th Cir. 1993) (noting that the standards applicable to Federal Rule 59(e) favor the denial of motions to alter or amend a judgment).

Here, the Plaintiff has not identified any change in controlling law or any clear error of law or fact. Rather, the Plaintiff appears to seek to introduce "new" evidence of damages to support his claims against the Defendants. In his motion seeking reconsideration, the Plaintiff repeats his complaint that the Defendants failed to properly maintain the retaining wall. He attaches documents purporting to show that the cost to repair the retaining wall would be at least $450,000. And he lists the damages he claims to have sustained, as follows:

3

Plaintiff sustained the following damages and financial burden in the amount of $450,000 over the cost to rebuild the broken retaining wall as a result of the actions and/or omissions of Defendants described hereinabove to cover: All costs necessary to reimburse Plaintiff for the loss and damages caused by collapsed retaining wall; (b) All reasonable and necessary costs incurred in pursuit of this suit; (c) Expert fees as the Court deems appropriate; (d) Inconvenience and Safety; (e) Mental Anguish; (f) Loss of Use; (g) Construction cost to rebuild the broken retaining wall.

A Rule 59(e) motion is an extraordinary remedy that should not be used to "rehash evidence, legal theories or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem, Inc.,* 367 F.3d 473 (5th Cir. 2004) (internal citations omitted). Here, the causes of action the Court gleaned from the Plaintiff's petition – such as breach of contract and negligence – required him to establish damages. The Plaintiff, however, failed to articulate any damages he had personally sustained and was seeking to recover from the Defendants prior to trial. As the Court explained to the Plaintiff on the record on August 27th, it is too late to do so now. The Court, having reviewed the Plaintiff's motion for reconsideration, finds that the Plaintiff has failed to establish any grounds for relief from the Court's dismissal order. It is therefore

**ORDERED** that Plaintiff Siva Akkineni's Motion for Reconsideration is **DENIED**.

Signed on 10/04/2024

_Brenda T. Rhoades_ SD
HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE